IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HECTOR BAUTISTA and
GENETTE BAUTISTA, his wife,

        Plaintiff,

vs.                                                                           CIVIL NO. 98-820 LFG/RLP

WAL-MART STORES, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## OVERRULING OBJECTION TO PLAINTIFFS' EXHIBIT NO. 9

THIS MATTER is before the Court on Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") objection to Plaintiffs' proposed exhibit No. 9. Oral argument is not necessary. This matter may be resolved based on the parties' submissions.

Plaintiffs, Hector and Genette Bautista (Bautistas), seek to introduce a surveillance videotape taken of Hector Bautista by Wal-Mart. The video shows him engaging in various physical activities. Bautista was unaware that the video was being taken. Wal-Mart does not intend to introduce the video at trial and objects to Bautistas' use of the video.

Motion pictures and videotapes are generally admissible if authenticated and if relevant to the issues in a case. A. Scott, Photographic Evidence, § 1291 at 142 (2nd Edition 1969); Grimes v. Employers Mutual Liability Insurance Co. of Wisconsin, 73 F.R.D. 607 (U.S.D.C. Alaska 1997). Verification simply involves the identification of the persons, objects or places pictured and proof that the film is a true and accurate representation of what is depicted. That can be provided by the

testimony of the person who took the video or, indeed, by any person having sufficient knowledge. Id., § 1297 at 154, 2nd Edition 1969; Ann. 9 A.L.R. 2nd 899, 921 (1950). Neither Wal-Mart nor the Bautistas dispute the film's authenticity or that it accurately demonstrates what was sought to be depicted.

In determining the admissibility of any evidence, the Court must first determine whether the evidence is relevant. Fed. R. Evid. 401 defines relevant evidence as, "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See also 1 Weinstein, p. 401 at 401-1 (1975). Here, a video of Bautista engaging in various activities has a tendency to make the existence of a fact in consequence, i.e., physical limitations or impairments, more or less probable than it would be without the evidence. The Court concludes that the film is relevant.

Once the Court makes a determination as to relevancy, the Court must still determine whether evidence, even if relevant, should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

In Bautistas' response to the objection, they state that they do not intend to offer the tape as evidence of prior activity consistent with the claims of physical injury and limitation, but do not state why they intend to offer the tape. They intimate, however, that they may seek to introduce the tape to depict Wal-Mart as acting in an underhanded, sneaky manner in obtaining a surveillance video or demonstrating that Wal-Mart is black hearted. They argue that a defendant assumes such a risk by making such a tape. If, indeed, that is the purpose for introducing the tape, the Court will sustain Wal-Mart's objection. The unfair prejudice to Wal-Mart would then outweigh any relevancy. This

2

is especially true where, as here, the parties stipulated to dismiss the Bautistas' claim for punitive damages. If punitive damages are not in issue, Wal-Mart's alleged "underhanded," "sneaky" or "black hearted" manner of acting is irrelevant.

Nowhere do Bautistas indicate why they wish to introduce the tape. Thus, a final ruling on this issue must await until the time of trial when Bautistas advise why they wish to introduce the video. Indeed, if their purpose in seeking to introduce the video is for a proper purpose, i.e., to depict activities normally performed or Bautista's ability or inability to perform daily functions or engage in typical activities, the Court will overrule the objection and allow the tape into evidence.

Additionally, Wal-Mart objects to the video on the basis that the film would constitute cumulative evidence. That is, that it would be cumulative to the Bautistas' testimony about Hector Bautista's limitations. Fed. R. Evid. 403 gives a court discretion to exclude a film if the film is not necessary to prove or disprove a material fact. In Grimes v. Employers Mutual Liability Insurance Co. of Wisconsin, the defendant asserted the same objection as asserted by Wal-Mart. The Grimes court denied the objection, stating, "Photographic evidence is only cumulative of other photographic evidence of the same kind." Grimes at 73 F.R.D. 607, 610. The Grimes court found that there was no other photographic evidence of the same kind being offered, and at any event, a film depicting a plaintiff performing daily functions was not cumulative because it was the best evidence of the plaintiff's abilities. So, too, here. The evidence is all the more significant because it was not staged. This is not a typical "day-in-the-life-of" depiction, which can be staged to evoke sympathy. The fact that filming was selective can be a basis for exclusion of evidence when a court believes that the discontinuity destroys the probative value of the evidence. 5 Weinstein, 1001(2)(03) at 1001-30 (1975); A. Scott Photographic Evidence, § 1297 at 157 (2nd Edition 1969). The fact that the film

3

is selective, that is, shows Bautista engaging in limited activities, does not destroy the value of the film as a demonstration of his injuries. Here, Bautista was unaware that the film was being made and, thus, could not have staged the production. While it may be cumulative to the Bautistas' testimony, it is still relevant and may well be the best evidence on claimed impairments. Thus, the Court denies Wal-Mart's objection on the basis of cumulative evidence.

Finally, Wal-Mart objects on the basis of hearsay. Wal-Mart is correct. A film of this nature is hearsay. It is assertive conduct intended to communicate the nature and extent of Bautista's injury. If offered for the truthfulness of what is contained therein, it comes within Rule 801's definition of hearsay. A witness's testimony about observed assertive conduct when used to prove the truth of the assertion would be hearsay, and similarly, a film showing assertive conduct would be hearsay.

In Grimes, the court concluded that the day-in-the-life film of the plaintiff was hearsay, but allowed its admissibility, stating:

> However, even though the plaintiff's film is hearsay, the evidence is admissible in this instance under Rule 802(24) of the Federal Rules of Evidence. See generally, 4 Weinstein, 803(24)(01) at 803(24) (1975). Use of this exception to admit the film in evidence allows the jury to consider evidence which is more probative on the material issues of pain and suffering and loss of enjoyment of life than any other evidence which the plaintiff could procure through reasonable efforts.

Id. at 610.

The Court concludes that Wal-Mart's objections concerning cumulativeness and hearsay are overruled. The Court will reserve a final ruling on the prejudice issue under Rule 403. Once Bautistas advise the Court the reason for the proposed admission, the Court will determine whether the evidence, although relevant, should be excluded.

4

                                                                                     _____
                                                                                     Lorenzo F. Garcia
                                                                                     United States Magistrate Judge

COUNSEL FOR PLAINTIFFS:
Calvin J. Hyer, Jr., Esq.

COUNSEL FOR DEFENDANT:
A. Brent Bailey
Nelse T. Schreck, Esq.